IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10414
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT B. SPEAKS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CR-164-4-A
--------------------
December 12, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Robert B. Speaks appeals his sentence for his guilty-plea
conviction of mail fraud and aiding and abetting for his
participation in a scheme to fraudulently induce victims to
purchase computer systems equipped with automatic telephone
dialers.  Speaks argues that the district court erred in
sentencing him to 13 months in prison under U.S.S.G. § 2F1.1

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because the loss amount was not reduced for the computers still in the victims' possession.

We review the district court's calculation of loss for clear error. See United States v. Randall, 157 F.3d 328, 330 (5th Cir. 1998). The district court need only make a reasonable estimate of the loss, given the available information. Id. at 330-31.

The district court's refusal to lower the loss amount for the value of the computers was not clear error. As explained in the presentence report (PSR), the loss amount should not have been reduced for the computer systems because they were worthless. They appeared to be used, assembled with inexpensive hardware, partly or completely inoperable, or had software problems, and did not come with a warranty or with customer or technical support. The information given to the probation officer in preparing the PSR was properly considered since it constituted "available information" relevant to a determination of the equipment's resale value. See id. Therefore, the district court's refusal to reduce the loss amount based on the "value" of the computers was not clear error because the computers had no value.

Speaks also contends that Beneficial Finance, the lender, benefitted doubly by "writing off" the victims' losses and by being awarded restitution. However, Speaks had the burden of proving an offset. See United States v. Sheinbaum, 136 F.3d 443, 449 (5th Cir. 1998). He did not present any evidence that

Beneficial Finance had "written off" the bad loans.  Nor did Speaks offer any evidence to dispute the district court's statement that, when Beneficial Finance gets its money back, it will have to reimburse the Government.  The district court's rejection of this loss-calculation argument was not clear error. The judgment of the district court is AFFIRMED.